UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ZOILA ARMAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE, a foreign corporation; COSTCO WHOLESALE INTERNATIONAL, INC. dba COSTCO WHOLESALE, a Nevada entity; DOES I through X; and ROE ENTITIES I through X,<br><br>Defendants. | Case No. 2:21-cv-01528-EJY<br><br><br>**ORDER** |

**I.      Introduction**

Pending before the Court is Plaintiff's Motion to Strike Defendant's Answer.  ECF No. 29.[1] Before discussing any of the arguments presented in the Motion, Opposition or Reply, the Court notes that an award of case dispositive sanctions, such as striking an answer for alleged discovery abuses, is extremely rare in the absence of any prior sanction or warning that failure to comply with a court's order could result in such sanction.

"To warrant terminating sanctions, the Court must consider: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the availability of less drastic sanctions, including whether the court has considered lesser sanctions, whether it has tried the lesser sanctions, and whether it has warned the recalcitrant party about the possibility of case-dispositive sanctions; and (5) the public policy favoring disposition of cases on their merits.'" *Marine Lumber Co. v. Precision Moving and Storage, Inc.*, Civil No. 16-00365-LEK-RLP, 2017 WL 3568668, at *4 (D. Haw. Aug.

---

[1]    Plaintiff's Motion is 248 pages long, including exhibits.  Plaintiff failed to file her Motion and exhibits in compliance with U.S. District Court Local Rule IA 10-3 making it difficult to locate documents on which Plaintiff relies.  In the future, failure to comply with this Local Rule may result in the Court disregarding evidence in support of a motion.
      Further, neither party consistently files its documents in compliance with LR IC 2-2.  LR IC 2-2 states in pertinent part: "To be filed in the electronic filing system, all documents must be in a *searchable* Portable Document Format (PDF) …."  *All* future filings by the parties in this case *must* comply with the Local Rules or they may be stricken by the Court and required to be refiled.

1

16, 2017) *quoting Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Where, there is no prior court order compelling a defendant's compliance with discovery requests, nor any prior court order warning a defendant of the possible imposition of case dispositive sanctions, such sanctions should not be granted. *See id.*; *see also United States v. $4,656,085.10 in Bank Funds*, Case No. SACV 12-0219-DOC, 2014 WL 5393858, at **4-6 (C.D. Cal. Sept. 15, 2014) (striking a claim only after the claimant failed to heed an order compelling her to respond to the government's special interrogatories, failed to appear at a hearing on the government's motion for a default judgment, and failed to respond to an order to show cause as to why her claim should not be stricken); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) ("[c]ases should be decided upon their merits whenever reasonably possible.").

**II.     Discussion**

    A.     <u>The Parties' Arguments, Responses, and Analysis</u>.

Plaintiff's Motion to Strike argues case dispositive sanctions are appropriate because, in sum, Defendant Costco Wholesale Corporation ("Costco" or "Defendant") provided false discovery responses. ECF No. 29 at 9. Plaintiff filed its instant Motion without filing any prior motions to compel or otherwise seeking assistance from the Court regarding Defendant's alleged failure to comply with discovery obligations. The Court has entered no prior orders with respect to discovery.

Nonetheless, Plaintiff first argues Defendant's expert allegedly agrees that Plaintiff was injured because of her slip and fall at Costco. It is unclear how this creates a basis for sanctions. An injury resulting from a fall does not establish that the cause of the fall was negligence. Before a party may obtain relief for negligence, that party must establish a duty and breach of duty. *Salazar v. Target Corporation*, Case No. 2:18-cv-1039-MMD-EJY, 2019 WL 5963995, at *2 (D. Nev. Nov. 13, 2019) ("that an incident occurred resulting in injury is not sufficient to establish liability") *citing Gunlock v. New Frontier Hotel*, 370 P.2d 682, 684 (Nev. 1962), *abrogated on other grounds by Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 156 (Nev. 2012).

Plaintiff next complains that Costco asserted as an affirmative defense that it did not have notice of the condition causing Plaintiff's fall (bleach on the floor). A thorough review of the evidence demonstrates Costco employees arrived at the location where Plaintiff fell after she had

2

fallen. ECF Nos. 29 at 5; 31 at 7-8. Whether Costco should have known of the liquid on the floor before its employees arrived at the location of Plaintiff's fall is a separate question (discussed in a forthcoming order on Plaintiff's Motion for Summary Judgment), but the assertion of an affirmative defense regarding lack of notice is not sanctionable. As explained in the *Salazar* decision, which relied on Nevada law: "Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care." *Salazar*, 2019 WL 5963995, at *2 *quoting Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993) (citations omitted). However, "[i]n cases where the foreign substance results from the actions of 'persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it.'" *Id*. *quoting Sprague*, 849 P.2d at 322-23. Given that Costco contends a customer caused the liquid on which Plaintiff slipped and fell to be on its floor, there is nothing inappropriate or sanctionable about Defendant's affirmative defense.

With respect to the name of the individual Costco employee who is alleged to have swept the Costco floor prior to Plaintiff's fall, the parties refer to Plaintiff's First Set of Interrogatories No. 15. Plaintiff's Interrogatory No. 15 states: "Identify the names of all employee[s] management spoke to when it confirmed that Defendant did not have knowledge of the presence of any alleged hazardous condition prior to the accident[.]" ECF No. 31 at 8 (internal quote marks omitted). Defendant responds to this interrogatory by first asserting objections and then stating: "Tara Santillana, along with the floor inspector noted on the Floor Walk and an unknown employee." *Id*. Consistent with this response is Ms. Santillana's admission, during her individual capacity deposition, that she could not identify the name of the individual who last inspected the floor where Plaintiff fell. ECF No. 29 at 4. It is unclear to the Court what is sanctionable about these consistent discovery responses. Nonetheless, as discussed below, given that discovery is closed, Defendant will not now be allowed to offer testimony regarding the name of the Costco employee who allegedly swept the floor; nor may Defendant introduce that person as a witness or proffer his/her testimony as evidence that it acted in conformance with its legal obligations.

Plaintiff also argues Costco failed to identify certain witnesses in a timely manner. ECF No. 29 at 4, 11, 13. The witnesses Plaintiff complains were belatedly disclosed include the Costco employee who spoke to Plaintiff soon after she fell (Consuelo Johnson) and a store manager who may have been notified of the accident (Joshua Cabrera). Ms. Johnson and Mr. Cabrera were identified by Ms. Santillana during her March 2022 individual capacity deposition. ECF No. 31 at 7-8. Plaintiff complains the deposition of Ms. Santillana took place six months after Costco filed its Answer to Plaintiff's Complaint. *Id*. The discovery period in this case opened on August 17, 2021, and closed on August 17, 2022. ECF No. 11. Nowhere in Plaintiff's Motion does she suggest or provide any evidence that she attempted to set Ms. Santillana's deposition on an occasion before the March 2022 date on which it occurred or that Costco in any way impeded any deposition Plaintiff sought and ultimately took.

Plaintiff further admits that once identified, Ms. Johnson was deposed and explained what she saw and did on the date of Plaintiff's fall.[2] ECF No. 29 at 5. There is no dispute that Mr. Cabrera was also deposed by Plaintiff (without any evidence that this deposition was impeded by Costco), but that he testified to having no knowledge of the incident. *Id*. at 8.[3]

Federal Rule of Civil Procedure 26(a)(1)(A)(i) states, in pertinent part: (A) "[A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Federal Rule of Civil Procedure 26(e)(1) states in pertinent part: "A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the

---

[2] Ms. Johnson was deposed on April 29, 2022. ECF No. 31 at 12. It is undisputed that Ms. Johnson explained in detail what she saw on the floor in an aisle next to the location where Plaintiff fell and how she discovered Plaintiff in the process of cleaning up the spill. *Id*.

[3] Plaintiff presents no authority for the proposition that a fact witness's lack of memory is sanctionable. Here, Ms. Johnson and Ms. Santillana stated they believed or thought they had spoken with Mr. Cabrera on the day Plaintiff fell. This does not create a circumstance in which the Court can reasonably conclude Mr. Cabrera's lack of recollection was feigned or otherwise in bad faith. Further, without explanation, Plaintiff nonetheless complains that counsel for Costco first spoke to Ms. Johnson just a few days before her deposition. *Id*. at 6.

disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing ...." Federal Rule of Civil Procedure 37(c) provides for the exclusion of a witness or evidence offered by a party who has not complied with the Rule 26 disclosure requirements.

Here, while Defendant may have been delayed in discovering Ms. Johnson and Mr. Cabrera's identity, these witnesses were disclosed during the discovery period and were deposed by Plaintiff. There is nothing presented to the Court evidencing that the timing of these disclosures prejudiced Plaintiff or delayed these proceedings. Under the circumstances presented, the Court declines to sanction Defendant for these purported discovery abuses. *Yeoman v. Ikea U.S. West, Inc.*, Case No. 11cv701 WQH (BGS), 2013 WL 12069024, at *3 (S.D. Cal. Feb. 27, 2013).

Plaintiff further argues case dispositive sanctions are appropriate because, in response to her Second Set of Request for Admissions, Costco referred Plaintiff to its Second Set of Interrogatory responses in which it listed the names of all 150 non-management employees who were working on the day of Plaintiff's fall rather than identifying specific employees, including an employee named "Maddie" who was discussed during Ms. Santillana's Fed. R. Civ. P. 30(b)(6) deposition on July 2022. ECF No. 29 at 6-7. Costco says it provided the 150 names because it did not have the names of witnesses other than Ms. Santillana, Ms. Johnson, and Mr. Cabrera. ECF No. 31 at 14. Costco says this was done in "good faith" as people with potential knowledge, not as witnesses. *Id*. Costco says it was the inability to identify witnesses with specific information (other than Santillana, Johnson, and Cabrera) that led Costco to refer to the 150 names in response to Plaintiff's Second Set of Requests for Admissions. *Id*. at 15. The Court agrees with Plaintiff that listing 150 employees, some (if not many) of whom obviously would have no potential knowledge or information pertaining to the issues in this case was inappropriate. The Court further finds that striking these names is appropriate.[4]

---

[4] To the extent Costco responded to Plaintiff's Requests for Admissions without identifying the names of employees who assisted Ms. Johnson with cleaning the floor, who located the leaking bleach in a shopping cart, or who performed a routine floor walk prior to Plaintiff's fall by pointing to the 150 names, the proper outcome is not striking the answer and entering default, but precluding Costco, who has not supplemented these responses and appears to admit it does not know the names of the employees requested, from offering the names of such employees at trial, their testimony or that such employees took any specific steps demonstrating efforts to maintain the Costco floor where Plaintiff fell free from spills prior to her fall. In fact, it appears that parties could potentially stipulate to the fact that

With respect to an individual named "Maddie" discussed during Ms. Santillana's 30(b)(6) deposition, the questions by Costco and answers by Ms. Santillana are far from clear.

> Q: Did you hear yourself say "Maddie"?
> A: I did.
> Q: Who is that?
> A: We worked with a few different Maddies at the time, Madisons, I guess, is what I would say.
> Q: Okay. One of the questions I asked Costco is who has knowledge regarding this incident. And in response to that question, they identified over 150 employees that they claim may have knowledge. Do you understand what I'm telling you?
> A; Yes.
> Q: One of the employees identified is a person named Magdalena Rogers, and I will just show you – I found something on Facebook. Is that the person that's shown in the video that's holding.
> A: That does not look like her.
> Q: Okay
>
> ***
>
> Q: So the person that you called for, Maddie, you believe to be a store employee; is that fair?
> A: I thought it was a member shopping at the time, but Maddie would have been somebody I probably was calling.
> Q: Okay. Do you think Maddie was the person that you were calling that was holding the paper towels and wearing the blue gloves in that video?
> A: I don't recall Maddie coming that quickly.

ECF No. 29 at 48:9-49:12. Plaintiff's contention that Ms. Santillana "identified this person as a store employee named Maddie" is simply not accurate.

Plaintiff also contends Costco provided a false response to Plaintiff's Interrogatory No. 21. ECF No. 29 at 14. Plaintiff states her daughter "took a video that showed a Costco employee wearing gloves and carrying paper towels." *Id*. Plaintiff avers that Ms. Santillana testified at her 30(b)(6) deposition that this individual was not a Costco employee. *Id*. In its Opposition, Costco points to the text of Interrogatory No. 21, which states: "Identify the Costco employee shown below wearing the black top." ECF No. 31 at 19. Costco responded: "… upon information and belief" the person seen in the black top is a third-party, not an employee." ECF No 31-4 at 3. Costco states its based this response on information provided by Ms. Santillana, and Costco stands by the response. *Id*. at 19-20.  The testimony given by Ms. Santillana, quoted above, is not wholly inconsistent with

---

Costco does not know who found the shopping cart with leaking bleach, who assisted Ms. Johnson on the day of Plaintiff's fall, or who performed a routine floor walk before her fall.

Costco's response to Interrogatory No. 21. Thus, Plaintiff's contention regarding a false response to Interrogatory No. 21 lacks merit.[5]

Plaintiff next complains that Costco could not identify the store employee who located the bottle of bleach that leaked liquid on the floor resulting in Plaintiff's slip and fall, and that Costco failed to preserve the bottle of bleach. ECF No. 29 at 8. Plaintiff complains Costco never disclosed the name of the "employee who allegedly followed Costco's hazmat policy when he/she failed to preserve key evidence"—the leaking bottle.[6] That the employee who found the shopping cart with the leaking bottle of bleach is unknown is not disputed. That the leaking bottle was not preserved is also not disputed. However, failure to preserve evidence would have to be analyzed under a claim of spoliation, which Plaintiff does not raise or even implicitly analyze.[7] And, as discussed below, the failure to disclose the names of potential witnesses prevents Costco from introducing the names, and testimony by such individuals, but is not sanctionable. Finally, depending on what has been produced to date (which is not made clear by either party), the hazmat policy and whether the hazmat policy required immediate destruction of the leaking bleach bottle may or may not be evidence on which Costco may rely.

Plaintiff avers a conclusory argument that Costco had notice of the substance on the floor when Plaintiff slipped; but, the evidence presented to the Court at this juncture does not support this conclusion. Defendant points to Ms. Johnson who "first saw the area" after Plaintiff had already fallen. ECF No. 31 at 10. Costco further states that in response to Plaintiff's Second Set of Interrogatories, served on May 31, 2022, it identified Ms. Santillana and Ms. Johnson as employees

---

[5] While Mr. Cabrera testified at deposition that he believed the person was an employee, Mr. Cabrera also said he did not recognize the individual. ECF No. 31 at 21. That witnesses looking at a picture of someone in a video may disagree on whether that individual was a Costco employee does not establish a basis for sanctions, let alone case dispositive sanctions. Neither witness recognized the individual and, therefore, the inability to name the person as a witness is not evidence of Costco engaging in discovery abuse.

[6] The Court notes that in its Opposition, Costco states: "[a]fter discovering the source of the fall as a leaking box of bottles of bleach, it was disposed of promptly via hazmat policy." ECF No. 31 at 2 *citing* Exhibit D, No. 20. Costco's Exhibit D to its Opposition is its Answers to Plaintiff's Second Set of Interrogatories. ECF No. 31-4. Interrogatory No. 20 does not appear in this exhibit. Rather, the exhibit starts with Interrogatory No. 21.

[7] Spoliation is defined as: "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. ... A party must preserve evidence it knows or should know is relevant to a claim or defense by any party, or that may lead to the discovery of relevant evidence ... . The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." *Gonzalez v. Las Vegas Metropolitan Police Dept.*, Case No. 2:09-cv-00381-JCM-PAL, 2012 WL 1118949, at *5 (D. Nev. Apr. 2, 2012) (internal citations omitted).

upon whom it was relying to demonstrate Costco did not have knowledge of the spill. *Id*. at 11. While Costco argues (and therefore admits) it is unknown when the bleach on which Plaintiff fell was leaked onto the floor and, thus, how long it had been on the floor before Plaintiff fell (*id*. at 10), there is no evidence presented by Plaintiff that Ms. Santillana, Ms. Johnson or any other Costco employee knew of the spill before they arrived on the scene of Plaintiff's fall.[8]

        B.        <u>What Sanctions, if Any, are Granted</u>.

The Court finds Plaintiff has not demonstrated that Costco's conduct during discovery is worthy of terminating sanctions. Costco's inability to identify certain employees who were somehow involved with events on the day of Plaintiff's fall is not sanctionable. Likewise, a lack of records, in the absence of any evidence of spoliation, is not sanctionable. However, Rule 37 allows the Court to preclude Defendant from introducing evidence at trial, at a hearing, or on a motion where Defendant has, without substantial justification, failed to disclose required information in discovery or to amend a prior discovery response as required by Rule 26(e)(2). Fed. R. Civ. P. 37(c)(1).

When determining whether to preclude introduction of evidence pursuant to Federal Rule of Civil Procedure 37, courts consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S.F. Baykeeper v. West Bay Sanitary Dist.*, 791

---

[8] Plaintiff asserts Ms. Johnson failed to speak with Ms. Ruijters, the individual who verified Costco's discovery responses. However, this is without any relevance to the Court's consideration of Plaintiff's Motion. Indeed, it is unclear why this issue is raised as a percipient fact witness has no duty to speak with party representatives. This obligation—that is, the obligation to gather information in preparation for deposition—falls on the corporate 30(b)(6) witness, which Ms. Johnson was not. *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. 2015) (citation omitted). Likewise, Plaintiff's argument regarding Ms. Ruijters' job title, apparently stated on a LinkedIn page, is not germane to the issues before the Court. Had she wanted to, Plaintiff could have deposed Ms. Ruijters regarding her involvement in Plaintiff's claim. There is no evidence that Plaintiff sought to do so or that Costco would have resisted such a request had it been made.
    Plaintiff's argument that Costco did not disclose everyone with whom its counsel spoke on October 27, 2021 is also not well taken. Plaintiff's argument that Costco has not produced evidence to support its contention that slips and falls are rare also misses the mark. Through standard discovery vehicles, Plaintiff could have asked for the history of slips and falls at the Costco in question. Plaintiff could have identified a Rule 30(b)(6) deposition topic addressing the history of falls at Costco. That Costco did not produce documentary evidence of an absence of slips and falls certainly precludes Defendant from introducing such documents now, after the close of discovery. It does not, however, necessarily preclude testimony on the subject matter. That issue will have to be raised in a motion in limine.

F. Supp. 2d 719, 733 (N.D. Cal. 2011). Here, after a year of discovery, which closed in August 2022, Defendant's position with respect to the identity of certain employees involved in the discovery and source of the spill that resulted in Plaintiff's slip and fall remains the same. Everyone who could be identified has been identified. Defendant does not appear to contend it should now, or at trial, be entitled to introduce new evidence regarding the identities of witnesses, what they saw or what they did. To the extent the contrary is true, Rule 37 would preclude Defendant from doing so. Indeed, summary judgment is pending and new evidence would require reopening discovery and refiling summary judgment motions.

The Court strikes the 150 names listed by Defendant in response to Plaintiff's Second Set of Interrogatories as non-responsive to the request. If the hazmat policy has not been introduced to date, that too cannot now be made a part of the record. However, whether the content of the policy may be introduced through a qualified witness may be introduced is an open matter.

**III.  Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendant's Answer (ECF No. 29) is DENIED.

IT IS FURTHER ORDERED that Defendant Costco Wholesale Corporation's list of 150 non-management employee names in response to Plaintiff's Second Set of Interrogatory is stricken.

IT IS FURTHER ORDERED that Defendant is precluded from introducing new witnesses, and evidence consistent with the above discussion.

Dated this 23rd day of November, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

9