UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZOILA ARMAS,<br><br>    Plaintiff(s),<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>    Defendant(s). | Case No. 2:21-cv-01528-EJY-NJK<br><br>**Order** |

This matter has been referred to the undersigned to hold a settlement conference. That settlement conference is hereby **SET** for **10:00 a.m. on March 10, 2023**.[1] The settlement conference will be held remotely by video, with further instructions to be provided at a later date regarding the logistics for appearances.[2] To facilitate the remote settlement conference, **the settlement conference statements must include an email address for each participant.**

The following individual(s) are <u>required to appear for the duration of the settlement conference</u>:

    1.    At least one attorney of record for each party with full knowledge of the case and who will be participating in the trial;

    2.    All parties appearing <u>pro se</u>;

---

[1] Any request to change the date of the settlement conference must be made in writing. Absent unexpected circumstances like illness, any such request must be filed within 14 days of the issuance of this order. Such request must include at least five alternative dates on which all required participants are available to attend the settlement conference. The parties must meet and confer on such dates prior to the filing of the request. If the request is not filed as a stipulation, any response must be filed three days after service of the request.

[2] While the settlement conference will be held remotely, counsel and the parties are advised that they are expected to observe proper courtroom decorum, dress appropriately, and appear from a suitable location (*i.e.*, not in a car).

1

3. All individual parties;

4. In the case of non-individual parties, an officer or representative with binding authority to settle this matter up to the full amount of the claim or last demand made; and

5. If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with binding authority to settle this matter up to the full amount of the claim or last demand.[3]

Any request for an exception to the above attendance requirements must be filed and served on all parties within 14 days of the issuance of this order. If the request is not filed as a stipulation, any response shall be filed three days after service of the request. Requests for an exception must be supported by a compelling justification for an exception.

## PREPARATION FOR SETTLEMENT CONFERENCE

In preparation for the settlement conference, the attorneys for each party, and the parties appearing *pro se*, if any, shall submit a confidential written settlement conference statement for the Court's ***in camera*** review. The settlement conference statements must be bound and tabbed. *Cf.* Local Rule IA 10-1(c); Local Rule IA 10-3(i).

The settlement conference statement must be concise and must contain:

1. A brief statement of the nature of the action;

2. The names of the people who will attend the settlement conference;

3. A concise summary of the evidence that supports your theory of the case, including the names of individuals disclosed pursuant to Rule 26(a)(1)(A)(i), the Rule 26(a)(1)(A)(iii) computation of damages, and the Rule 26(a)(1)(A)(iv) insurance information. You must provide all information which documents or supports your damages claims. Copies of medical records or treatment records need not be submitted but, rather, shall be provided in a table or summary format;

---

[3] Settlement conferences are closed to the public. Non-parties, including family members, are not permitted to attend.

4. Attachment of any documents or exhibits that are relevant to key factual or legal issues, including selected pages from deposition transcripts or responses to discovery requests;

5. Analysis of the key issues involved in the litigation. The analysis must include a discussion of the strongest points in your case, both legal and factual, and a frank discussion of the weakest points as well. The Court expects you to present a thorough analysis of the key issues and candid evaluation of the merits of your case;

6. Identification and explanation of any obstacles to settlement, e.g. medical liens, statutory caps, or motions pending before the Court;

7. The history of settlement discussions, if any, which have occurred in this case. Provide any demands, offers, or offers of judgment that have been made and, if applicable, the reasons they have been rejected. Attach a copy of all settlement correspondence, including all written demands or offers and responses thereto; and

8. The initial settlement proposal that will be presented at the settlement conference with a justification for any monetary amount. The proposal must include any non-monetary settlement terms that will be presented.

**The settlement conference statements must also include an email address for each participant.**

The settlement conference statements must be submitted, in an envelope marked "Confidential," directly to the undersigned's box in the Clerk's Office not later than **3:00 p.m. on March 3, 2023. DO NOT SERVE A COPY ON OPPOSING COUNSEL.**

The purpose of the settlement conference statement is to assist the undersigned Magistrate Judge in preparing for and conducting the settlement conference. In order to facilitate a meaningful conference, your utmost candor in responding to all of the above-listed questions is required. The settlement conference statement will remain confidential. If this case does not settle, the settlement conference statement will not be disclosed to the judge who ultimately presides over the trial.

**In addition to the above requirements, the parties and counsel must be substantially prepared to meaningfully participate in the settlement conference in good faith.**

**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLIANT PARTY AND/OR COUNSEL TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f).**

IT IS SO ORDERED.

Dated: January 4, 2023

_____
Nancy J. Koppe
United States Magistrate Judge